NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TAOFEEK OLONODE,**
*Petitioner*

**v.**

**DEPARTMENT OF AGRICULTURE,**
*Respondent*

---

2017-1868

---

Petition for review of the Merit Systems Protection Board in No. PH-1221-16-0352-W-1.

---

Decided: September 8, 2017

---

TAOFEEK OLONODE, Houston, TX, pro se.

STEPHEN CARL TOSINI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., REGINALD T. BLADES, JR.

---

Before PROST, *Chief Judge,* REYNA, and HUGHES, *Circuit Judges.*

PER CURIAM.

Taofeek Olonode, Ph.D., appeals from a final decision of the Merit Systems Protection Board denying his Individual Right of Action appeal.  Because the Board did not err in denying Dr. Olonode corrective action, we affirm.

I

Dr. Olonode was appointed as a Commodity Grader in the Agricultural Marketing Service (AMS) on January 10, 2016, subject to completion of a one-year probationary period.  Less than three months later, on March 17, 2016, the agency issued Dr. Olonode a Notice of Termination based on four incidents of improper conduct that allegedly occurred between February 25 and March 8, 2016.  Two incidents involved Dr. Olonode neglecting his duties while working; one incident involved Dr. Olonode's rude treatment of an employee of a company whose produce he was grading which caused a negative perception of AMS; and the final incident involved Dr. Olonode's repeated interruptions and disruptions at a training session.

After his removal, Dr. Olonode filed an Individual Right of Action alleging that he was fired in retaliation for reporting the following two violations of the Occupational Safety and Health Act (OSHA) during his employment: (1) one of the carts used to transport produce had a flat tire, and (2) AMS failed to provide inspectors with protective jackets when working in refrigeration units with temperatures of about 40 degrees.

The Administrative Judge found that Dr. Olonode's disclosures were protected and a contributing factor in his termination.  However, the Administrative Judge denied Dr. Olonode's request for corrective action because it determined that AMS would have terminated him even in the absence of his protected disclosures.

Dr. Olonode appeals.  We have jurisdiction under 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1)(A).

## II

We must sustain a decision of the Board unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

Dr. Olonode argues that the Administrative Judge failed to consider the injuries that he sustained as a result of working under conditions that violated OSHA, and failed to consider his medical reports. To the contrary, the Administrative Judge did consider the evidence that Dr. Olonode presented regarding the injuries he incurred from using the damaged cart and concluded that Dr. Olonode proved "that he incurred the injuries while performing his duties." Appx. 7. That conclusion, however, does not alter the outcome here.

Because this is an IRA, the Board must determine whether the agency terminated Dr. Olonode in retaliation for making protected disclosures. *See* 5 U.S.C. § 1221(a). If the Administrative Judge finds that the agency engaged in whistleblower retaliation, the Board is required to order corrective action, which may include medical costs incurred. *Id.* § 1221(g)(1)(A)(ii).

Because the Administrative Judge found that Dr. Olonode's disclosures were a contributing factor in his termination, the burden shifted to AMS to show by clear and convincing evidence that it would have taken the same personnel action in the absence of the protected disclosures. *Carr v. Social Sec. Admin.*, 185 F.3d 1318, 1322 (Fed. Cir. 1999). To determine if AMS met its burden, the Administrative Judge considered: (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes

similar actions against employees who are not whistle-blowers but who are otherwise similarly situated. *Id.* at 1323; Appx. 13.

Under the first *Carr* factor, the Administrative Judge considered the evidence presented and found that the agency "submitted overwhelming evidence in support of the allegation that [Dr. Olonode] . . . was highly inappropriate" at the Raisin Training, and "convincing evidence . . . that he was abrupt and abrasive in his interaction with [a supervisor]." Appx. 18. Under the second *Carr* factor, the Administrative Judge found "slight evidence" of "motive to terminate [Dr. Olonode] in retaliation for reporting the lack of protective coats and complaining of the flat tire on a cart." Appx. 23. Under the final *Carr* factor, the Administrative Judge found that the "record contains no evidence bearing on the issue of whether the agency takes similar actions against similarly situated employees who are not whistleblowers." *Id.* After considering the *Carr* factors, the Administrative Judge found that the agency would have terminated Dr. Olonode in the absence of his whistleblowing activity. Appx. 25.

Because the Administrative Judge properly analyzed the evidence presented under the *Carr* factors, we find no reversible error.

## AFFIRMED

No costs.